COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

L=ROY
EUGENE SNYDER,                                )

                                                                              )               No.  08-03-00517-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
384th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20000D01391)

                                                                              )

 

 

MEMORANDUM  OPINION

 

This is an
attempted appeal from a conviction for theft of service, for which Appellant L=Roy Eugene Snyder received a sentence
of 2 years=
imprisonment in state jail, probated to 3 years=
community supervision.  The issue before
this Court is whether Mr. Snyder timely filed his notice of appeal.  We conclude that he did not and dismiss the
attempted appeal for want of jurisdiction.








The record
reflects that the trial court entered its judgment and imposed its sentence on
January 31, 2002.  No motion for new
trial was filed in this case.  Mr. Snyder
filed a notice of appeal on December 16, 2003.

A timely notice of
appeal is necessary to invoke the jurisdiction of this Court.  Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).  Tex.R.App.P.
26.2(a) prescribes the time period in which notice of appeal must be filed by
the defendant in order to perfect appeal in a criminal case:

(a)        By the Defendant.  The notice of appeal must be filed:

 

(1)        within 30 days after the day sentence is
imposed or suspended in open court, or after the day the trial court enters an appealable order; or

 

(2)        within 90 days
after the day sentence is imposed or suspended in open court if the defendant
timely files a motion for new trial.

 

Tex.R.App.P. 26.2 (a)

 

Therefore, a
defendant=s notice
of appeal is timely if filed within thirty days after the day the trial court
enters an appealable order or after the day sentence
is imposed.  Tex.R.App.P. 26.2(a); Olivo,
918 S.W.2d at 522. 
Rule 26.3 allows for an exception: 
The appellate court may extend the time to file the notice of appeal if,
within fifteen days after the deadline for filing the notice of appeal, the
party:  (a) files in the trial court the
notice of appeal; and (b) files in the appellate court a motion complying with
Rule 10.5(b), reasonably explaining the need for the extension of time.  Tex.R.App.P. 26.3; Tex.R.App.P. 10.5(b)(2).








The last date
allowed for timely filing the notice of appeal was March 2, 2002, thirty days
after the day the trial court imposed its sentence.  Tex.R.App.P.
26.2(a)(1).  Mr.
Snyder did not file his notice of appeal until December 16, 2003 and did not
file a motion for extension of time. 
Therefore, Mr. Snyder failed to perfect this appeal.  Accordingly, we dismiss the appeal for want
of jurisdiction.

 

 

 

February
12, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)